

# The Attorney General of Texas

October 5, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George M. Cowden
Chairman, Public Utility Commission
   of Texas
7800 Shoal Creek Blvd., Suite 400N
Austin, Texas 78757

Opinion No. MW-65

Re: Assessments that Public Utility Commission may collect from water supply corporations removed from its jurisdiction.

Dear Mr. Cowden:

You ask several questions about the payment of assessments by water supply or sewer service corporations which were removed from the jurisdiction of the Public Utility Commission (PUC) as of April 19, 1979. Section 78 of the Public Utility Regulatory Act, V.T.C.S. article 1446c, provides as follows:

> An assessment is hereby imposed upon each public utility within the commission's jurisdiction serving the ultimate consumer equal to one-sixth of one percent of its gross receipts from rates charged the ultimate consumers in Texas for the purpose of defraying the costs and expenses incurred in the administration of this Act. Thereafter the commission shall, subject to the approval of the Legislature, adjust this assessment to provide a level of income sufficient to fund commission operation.

Assessments are due on August 31 of each year, and covered utilities may make quarterly payments of their assessments. In each case, the payment is made after the assessment year or quarter has passed. See Attorney General Opinion H-811 (1976). Senate Bill 418, effective April 19, 1979, removed water supply and sewer service corporations from PUC jurisdiction, except for the purpose of issuing certificates of convenience and necessity. V.T.C.S. art. 1446c, §§ 3(a), (c), (u); 49(b); Acts 1979, 66th Leg., ch. 57 at 93.

You ask whether water supply corporations must pay the assessment for the quarters during which they were subject to the commission's regulation. The assessment imposed by section 78 is an ongoing assessment for the purpose of defraying administrative costs. The legislative intent, as reflected in the language and structure of the statute, is that water supply

corporations are responsible for the portion of the assessment attributable to the time period they remained under PUC jurisdiction.

You next ask whether the commission may prorate the assessment due and payable for the portion of the assessment year up to April 19, 1979, and collect the prorated assessments from the water supply corporations. On the basis of our conclusion that the assessment is an ongoing obligation, we believe the commission may do so.

You finally ask whether the commission may require any additional assessments for any quarters after April 19, 1979, against the water supply corporation. As of that date, a water supply corporation ceased to be a "public utility within the commission's jurisdiction"; hence, section 78 no longer imposed the assessment on it.

## SUMMARY

Water supply corporations, removed from the jurisdiction of the Public Utility Commission as of April 19, 1979, must pay assessments imposed by section 78 of V.T.C.S. article 1446c for the period during which they were subject to PUC jurisdiction.

Very truly yours,

**MARK WHITE**
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
Martha V. Terry
Bruce Youngblood